IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRALL EARL HOUSTON, § | |
| (TDCJ-CID #689345) § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-14-2871 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Darrall Earl Houston, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a state felony conviction for burglary of a habitation with intent to commit aggravated assault. The respondent filed a motion to dismiss, with a copy of the state-court record. (Docket Entries Nos. 8, 9, 10). The respondent asserts that the petition for writ of habeas corpus was filed too late. (Docket Entry No. 10). Houston filed a response. (Docket Entry No. 13). Based on careful consideration of the pleadings; the motion and response; the record; and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are set out below.

**I.  Background**

On February 26, 2010, a Texas state jury sentenced Houston to a 50-year prison term on his conviction for burglary of a habitation with intent to commit aggravated assault. (Cause Number 49710B). The First Court of Appeals of Texas affirmed Houston's conviction on December 1, 2011. The Texas Court of Criminal Appeals refused Houston's petition for discretionary review on March 7, 2012. Houston filed an application for state habeas corpus relief on June 4, 2013, which the Texas

Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on September 24, 2014. *Ex parte Houston,* Application No. 80,586-01 at cover.

On October 8, 2014, this court received Houston's federal petition. The petition was filed when Houston gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court presumes that Houston deposited his federal petition in the prison mail on the date he signed it, October 3, 2014. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Houston contends that his conviction is void. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 8-20).

The threshold issue is whether Houston filed this federal petition too late to permit this court to consider the claims.

**II.    Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), sets a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Houston's conviction became final when the time for filing a petition for a writ of certiorari expired, 90 days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2014). The Texas Court of Criminal Appeals refused Houston's petition for discretionary review on March 7, 2012. Houston's deadline for filing a petition for a writ of certiorari was June 5, 2012. The limitations period ended one year later, on June 5, 2013. Houston did not file this federal petition until October 3, 2014.

A properly filed application for state postconviction relief extends the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Houston waited until June 4, 2013 before filing his state habeas application, 364 days after the one year period began. The Texas Court of Criminal Appeals denied Houston's state habeas application on September 24, 2014. When the Texas Court of Criminal Appeals denied Houston's state application, one day of the one-year limitations period remained. Houston waited more than a year, until October 3, 2014, before filing his federal petition.

Houston complains that his state habeas application was inadvertently filed in the Texas Court of Criminal Appeals and that this misfiling caused an 8-month delay. (Docket Entry No. 13, Petitioner's Response, p. 1). That is not a basis to extend the one-year federal limitations period based on equitable tolling. This applies "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

The case of *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), also involved a petitioner who waited until one day before the limitations period ended before filing a state habeas application. When it was rejected, he only had a day to file the federal petition. He missed the deadline and the district court denied his claim as untimely. In rejecting the petitioner's request for equitable tolling, the appellate court stated:

> We find no error in the district court's decision not to apply the doctrine of equitable tolling to the facts of this case. . . . Further, we underscore that the state habeas application was not filed until one day before the expiration of the AEDPA's one-year grace period, an action that necessarily mandated a swift filing of the federal habeas application following the denial of the state petition. This was a matter totally within the control of Ott. The state application readily could have been filed a few days earlier, allowing an adequate period for the filing of the federal petition after final denial of the state application. Accordingly, we find that these are not "rare and exceptional" circumstances in which equitable tolling is warranted.

*Ott*, 192 F.3d at 513.

Like Ott, Houston waited until one day before the end of the limitations period to file his state habeas application. As a result, when he received notice that the Texas Court of Criminal Appeals had denied postconviction relief, he had only one day to file his federal petition. Houston has not shown "rare and exceptional" circumstances warranting equitable tolling. Nor has he shown any prejudice resulting from the misfiling of his state application in the Texas Court of Criminal Appeals, because the statute of limitations was tolled for the entire period the state application was pending in the trial court and in the Texas Court of Criminal Appeals.

Houston acknowledges that it is unclear when the Texas Court of Criminal Appeals refused his petition for discretionary review. He thought it was refused on March 30, 2012; the state court records show that it was refused on March 7, 2012. (Docket Entry No. 9-11, p. 1). The state court records are decisive here, and the difference does not affect the present case.

Houston may argue that because he filed his federal petition only eight days after the limitations period ended, he is entitled to equitable tolling. In *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002), the court rejected a similar argument. In that case, the petitioner missed the deadline by only four days and sought equitable tolling of the limitations bar. The appellate court rejected his argument:

> In past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness.[1] At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable

---

[1] *Fisher*, 174 F.3d at 712, 715-16 (refusing to toll statute of limitations for seventeen days despite prisoner's confinement in psychiatric ward without access to glasses or legal materials); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (refusing equitable tolling where petitioner missed deadline by only a "few days"), *cert. denied*, 529 U.S. 1099.

> impossible. Such laxity would reduce predictability and would prevent us from treating the similarly situated equally. We consistently have denied tolling even where the petition was only a few days late.[2]

*Lookingbill*, 293 F.3d at 264-65. The same ground applies here as well.

Houston does not identify any grounds for equitable tolling, and the record discloses none. Houston's delay in filing his state habeas application weighs against tolling. *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Houston may not rely on his status as an unskilled layperson to excuse his delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, do not excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies equitable tolling. *Pro se* litigants are the rule, not the exception, in § 2254 suits.

Houston does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Houston from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Houston's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Houston's claims relate to the February 26, 2010 trial, when he would know the factual predicate of the claims he asserts. 28 U.S.C. § 2244(d)(1)(D).

---

[2] *Ott*, 192 F.3d at 512 (four days late); *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (two weeks late); *Fisher*, 174 F.3d at 712 (seventeen days late); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (twenty-one days late), *cert. denied*, 531 U.S. 1035.

### III. Conclusion

The respondent's motion to dismiss, (Docket Entry No. 10), is granted. Houston's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. All remaining pending motions are denied as moot.

A certificate of appealability is required for an appeal. The showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability requires a prisoner to show that judges would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Houston has not made the necessary showing and a certificate of appealability will not issue.

SIGNED on March 31, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge